(28 Misc. Rep. 54.)

### TULLY v. TULLY.

(Supreme Court, Trial Term, New York County. June, 1899.)

DIVORCE—ISSUES—LEGITIMACY OF CHILD.

> Under Code, § 1760, providing that in an action for divorce on the ground of the wife's adultery "the legitimacy of a child born before the offense charged is not affected by the judgment, but the legitimacy of any other child may be determined," and the general rules of practice, providing that, if the husband wishes to question the legitimacy of children, he should "allege in his complaint that they are illegitimate," where the complaint in an action for divorce on the ground of the wife's adultery tenders no issue as to the legitimacy of any child of the marriage, neither party will be allowed on the trial, by consent or otherwise, to test the legitimacy of a child had by the wife before marriage.

Action for divorce by George B. McC. Tully against Elizabeth Tully, tried on framed issues. Judgment for plaintiff.

Abraham Levy, for plaintiff.
David Neumark, for defendant.

McADAM, J. The parties were married May 4, 1897, and one child—Adolph—was born thereafter. He was adopted by some friend, and is believed by the parties litigant to be dead. The action is for absolute divorce on the ground of adultery, committed by the wife. The wife gave birth to a child about one year prior to the marriage. This child was named Mary. Framed issues were settled, and sent to the preferred jury calendar for trial. One of the issues

proposed by the wife is, "Are two children, named Mary, aged three years, and Adolph, aged one year, the issue of the marriage?" the purpose of which was to test the legitimacy of the child born before marriage. The plaintiff at the trial objected to the relevancy of this issue, and the court sustained the objection on the ground that it was not pertinent to any allegation made by the pleadings. Code, § 1760, provides that, where the action is brought by the husband, "the legitimacy of a child born or begotten before the commencement of the offense charged, is not affected by a judgment dissolving the marriage; but the legitimacy of any other child may be determined as one of the issues in the action." Rule 75 of the general rules of practice provides that, if the husband wishes to question the legitimacy of any of the children of his wife, he should distinctly allege in his complaint that they are, or that he believes them to be, illegitimate. See, also, Baylies, Code Pl. 180. The meaning of this evidently is that, where adulterous intercourse with the wife is alleged, the husband may, as one of the issues in the action, test the legitimacy of any child born thereafter as the supposed result of such intercourse. It was certainly never intended to permit either party, on the trial of an issue of adultery, to go behind the act charged, and test the legitimacy of all the children the wife had before or since the marriage. The complaint tenders no issue as to illegitimacy, and the parties cannot, by consent or otherwise, extend the issues in an action beyond the scope and purpose of the pleadings, or the law governing the procedure. True, the complaint alleges that "there is no issue of the marriage,"—which means since the marriage,—and this is on the assumption shared by both parties litigant that Adolph, the only child of the marriage, is dead. But no proof was offered impugning the legitimacy of Adolph, and it must be assumed, for all the purposes of this case, that he is legitimate; and the granting of a decree dissolving the marriage, by the express command of the Code provision before cited, throws no doubt upon his legitimacy. This ruling, with the verdict rendered, which was in favor of the plaintiff, must be certified to the special term as part of the record of the trial.

Ordered accordingly.